UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0394 AG (MLGx) | Date | March 12, 2013 |
|---|---|---|---|
| Title | JUSTIN S. KEMPER v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

On January 23, 2013, Plaintiff Justin S. Kemper ("Plaintiff") filed a state court Complaint against Defendant Carmax Auto Superstores California, LLC ("Defendant"), alleging violation of California consumer laws. Defendant removed this case to federal court under diversity jurisdiction.

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In cases where the plaintiff has not alleged an amount in controversy greater than $75,000, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); 28 U.S.C. § 1446(c)(2)(B). By contrast, in cases where the plaintiff has pleaded less than the jurisdictional amount, a removing defendant must establish "to a legal certainty that the amount in controversy exceeds the statutory minimum." *Id.* at 999.

Here, Plaintiff's Complaint did not seek a specific amount of monetary damages, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0394 AG (MLGx) | Date | March 12, 2013 |
|---|---|---|---|
| Title | JUSTIN S. KEMPER v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC. | | |

Plaintiff filed a Statement of Actual and Punitive Damages stating that he is seeking $55,000 in actual damages and $15,000 in punitive damages. Defendant argues that these amounts equal more than $75,000, when combined with the attorney fees and injunctive relief Plaintiff seeks.

"Federal courts 'jealously' guard their own jurisdiction and, where appropriate, will dismiss a case for lack of subject matter jurisdiction even if the issue is not raised by the parties." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988)). The Court is also mindful of the Plaintiff's choice of a state court forum for resolution of his claims. The Court therefore ORDERS Defendant to show cause in writing within 14 days of this Order why this action should not be remanded. In its response, Defendant should address at least two issues: (1) which *Lowdermilk* standard the Court should apply and (2) the basis for its conclusion that over $75,000 is in controversy. Plaintiff may submit a response within seven days after Defendant's filing.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |